UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Ashland)

| | | |
|---|---|---|
| AARON M. BLACK, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 0: 14-68-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Aaron M. Black and Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner"). [Record Nos. 10, 11] Black argues that the administrative law judge ("ALJ") assigned to his case erred in finding that he is not entitled to a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act"). He seeks remand and further consideration of his claims. The Commissioner asserts that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Black.

I.

In May 2011, Plaintiff filed applications for DIB and SSI, claiming a disability beginning in March 2009. [Record No. 8-1, Administrative Transcript, "Tr.," at pp. 12, 188–201] His claims were denied initially and upon reconsideration. Following a hearing on October 23, 2012, Administrative Law Judge ("ALJ") Robert Bowling denied Black's claims

on November 1, 2012. [Tr., pp. 12–24] The Appeals Council also denied Black's request for review, making the ALJ's decision the final agency action. [Tr., pp. 1–3] Black timely filed this civil action.[1]

Black was 43 years old at the time of the ALJ's decision and has worked most recently as a water and sewer system installer and wastewater treatment attendant. [Tr., pp. 22, 188, 225–28] Black alleged a number of conditions that the ALJ did not find severe. These conditions include as a hernia, suboptimal potassium levels causing hypokalemia, heart valve issues, anxiety disorder, and depressive disorder. The ALJ found that Black had severe impairments of "disorders of the muscles, ligament and fascia; and hypertension." [Tr., p. 14] Following Black's alleged onset date in March 2009, he did not receive treatment for the alleged disabling conditions. While he saw his primary care physician during this time, his visits were primarily related to refills for medication and routine visits rather than his knee, neck or low back pain. [Tr., pp. 371–85]

Consultative examiner, Kip Beard, M.D., saw Black in July 2011. [Tr. 402–07] Dr. Beard noted that Black reported hypertension, hernia, a leaky heart valve, neck and lower back pain that worsened since a motor vehicle accident in 2008, and left hip and knee pain. [Tr., pp. 402–03] Following this exam, Dr. Beard indicated that his objective findings "were supportive of limitations in terms of prolonged standing, walking, squatting, kneeling, crawling, bending, lifting, carrying and climbing." [Tr., p. 407] While Dr. Beard noted that Black walked with a mild limp, favoring the left, he also noted that Black did not need assistive devices or ambulatory aids. [Tr., p. 404]

---

1    Black's appeal focuses on the ALJ's Residual Functional Capacity ("RFC") findings. The discussion will be limited to the facts relevant to that analysis.

Doctor Timothy Gregg, a state agency physician, reviewed the record regarding Black's claims in August 2011. [Tr., pp. 83–84] Another state agency physician, Lisa Beihn, performed a records review on September 26, 2011. Drs. Gregg and Beihn agreed that Black could: (i) lift and carry 10 pounds frequently and 20 pounds occasionally; (ii) stand for about six hours in an eight-hour workday; (iii) sit for about six hours in an eight-hour workday; (iv) push and pull an unlimited amount; (v) frequently stoop, crouch, and climb ramps and stairs; and (vi) occasionally kneel, crawl, and climb ladders, ropes, and scaffolds. [Tr., pp. 83–84, 108–09]

Subsequently, in September 2012, Black was examined by Martin Fritzhand, M.D. [Tr., pp. 491–501] Dr. Fritzhand noted that Plaintiff walked with a normal gait and was comfortable both sitting and supine. [Tr., p. 494] He found that Black had "ongoing low back pain accompanied over the years by pain and discomfort localized to the left knee." [Tr., p. 499] On examination, Black had normal range of motion other than "slight difficulty" bending forward and diminished spinal extension and flexion and hip range of motion and "diminished" straight leg raise tests. [Tr., pp. 494–95] Dr. Fritzhand noted that Black had a "completely normal" neurological evaluation of the lower extremities, normal ability to squat, normal knee flexion and extension. [Tr., pp. 494–95] Regarding specific limitations, Dr. Fritzhand found that Black could: (i) lift 30 pounds occasionally and 20 pounds frequently; (ii) occasionally climb, balance, stoop, crouch, kneel, and crawl; (iii) frequently reach, handle, and feel; never push or pull; and (iv) frequently work in all environments. [Tr., pp. 499–501] Based upon his examination, Dr. Fritzhand concluded that Black could stand and walk for four and a half hours a day, limited to 40 minutes at a time

and was limited to sitting for five hours a day, limited to 45 minutes at a time. [Tr., pp. 496, 498–99]

After reviewing the record and considering the testimony presented during the administrative hearing, the ALJ concluded that Black had the residual functional capacity ("RFC") to perform light work. He could: (i) stand and walk for approximately six (6) hours of an eight-hour day; (ii) sit for six (6) hours out of an eight-hour day; (iii) occasionally push or pull with the lower left extremity; (iv) occasionally kneel, crawl, and climb ladders, ropes or scaffolds; (v) frequently stoop, crouch, or climb ramps or stairs; and (vi) have only occasional interaction with the public and coworkers. [Tr., p. 18] The ALJ found that Black's impairments could cause the described symptoms, but that Black was not credible to the extent that his statements concerning the intensity, persistence and limiting effects of the symptoms were inconsistent with the limitations he found. [Tr., p. 20] In reaching this conclusion, the ALJ noted that the limited objective diagnostic tests in the record did not substantiate the severity of Black's complaints about knee, neck, or back pain. [Tr., p. 21] Additionally, Black's self-described limitations were not supported by his own testimony about his daily activities and abilities or his treatment records. [Tr., p. 21]

Based on the ALJ's finding that Black retained the ability to perform a reduced range of light work, the ALJ concluded that Black could not perform his past work, but could perform other work that existed in significant numbers in the national economy. [Tr., pp. 22–24] Accordingly, the ALJ determined that Black was not disabled under the Act. [Tr., p. 24]

## II.

Under the Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

A claimant must first demonstrate that he is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must show that he suffers from a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience. 20 C.F.R. §§ 404.1520(d), 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether he can perform his past work. If he can, he is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f).

Under the fifth step of the analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education, and past work experience to determine whether he can perform other work. If he cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. §§ 404.1520(g), 416.920(g). The Commissioner has the burden of proof only on "'the fifth step, proving that there is work available in the economy that the claimant can perform.'" *White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 785 (6th Cir. 2009) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*,

987 F.2d 1230, 1233 (6th Cir. 1993). In other words, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

### III.

Black argues that the ALJ erred by acting as his own medical expert and by failing to adopt the sitting, standing and walking limitations identified by Dr. Fritzhand. Black argues that the ALJ should have found that he was limited in his ability to stand and walk for 40 minutes at a time and was limited to sitting for 45 minutes at a time. If the ALJ had found that this restriction applied, then Black alleges that he would have been unable to perform sedentary work. *Wages v. Sec. of Health and Human Servs.*, 755 F.2d 495, 498 (6th Cir. 1985) ("Alternating between sitting and standing, however, may not be within the definition of sedentary work."). Where the need to alternate sitting and standing "cannot be accommodated by scheduled breaks and a lunch period, the occupational base for a full range of unskilled sedentary work will be eroded." SSR 96-9p, 1996 WL 374185 (July 2, 1996). Excluding the sedentary jobs from the Vocational Expert's analysis at the hearing, Black argues, would have required the ALJ to find that jobs did not exist in sufficient numbers in the national economy that Black could perform.

Under 20 C.F.R. § 404.1527(c)(1), an examining source will generally receive more weight than the opinion of a source who has not examined a claimant. 20 C.F.R. 404.1527(c)(1). The weight given to a medical opinion depends on a variety of other factors, including whether a source actually treated a claimant, the supportability of the source's opinion, the consistency of the opinion when compared with the record as a whole, and other factors. 20 C.F.R. §§ 404.1527(c), 416.927(c). Following Black's alleged onset date in March 2009, he did not receive treatment for the alleged disabling conditions. The relevant

information regarding Black's medical condition between the alleged date of onset and the hearing is found in the records of the examining consulting physicians, Drs. Beard and Fritzhand. [Tr., pp. 402–08, 491–501] The non-examining state consultants set out specific limitations, as did Dr. Fritzhand. While the limitations identified by the non-examining consultants, Drs. Gregg and Beihn, were actually less restrictive that Dr. Fritzhand's regarding lifting and carrying, Dr. Fritzhand's limitations were more restrictive due to the limitation on the amount of time that Black should stand, walk or sit.

It was proper for the ALJ to rely on the opinions of state consulting examiners Drs. Gregg and Beihn. *McGrew v. Comm'r of Soc. Sec.*, 343 F. App'x 26, 32 (6th Cir. 2009); *See* 20 C.F.R.§ 404.1527(e). ALJ Bowling appropriately applied the factors to be considered under § 404.1527 and § 416.927. Generally, Dr. Fritzhand's limitations were consistent with those assigned by Drs. Gregg and Beihn, and the evidence of record, so the ALJ afforded his opinion some weight. [Tr., p. 22] However, the ALJ rejected Dr. Fritzhand's standing, walking and sitting limitations because these limitations were not supported by the clinical and objective evidence in the record. [Tr., p. 22] While Dr. Fritzhand's opinion was generally supported by the records these limitations were not, and they were appropriately rejected as a result. *Cox v. Comm'r of Soc. Sec.*, 295 F. App'x 27, 35 (6th Cir. 2008) ("This Court generally defers to an ALJ's decision to give more weight to the opinion of one physician than another where, as here, the ALJ's decision is supported by evidence that the rejected opinion is inconsistent with the other medical evidence in the record.")

Importantly, Dr. Fritzhand's own records failed to support these restrictions. For instance, Dr. Fritzhand observed that Black was "comfortable" in the sitting position, yet limited the time Black could sit. [Tr., pp. 494, 499] With respect to Dr. Fritzhand's

similarly restrictive standing and walking limitations, the ALJ relied on the fact that Dr. Fritzhand had observed no abnormality in Plaintiff's knees. [Tr., pp. 22, 495] Specifically, Dr. Fritzhand observed that Plaintiff had a normal gait, could squat without difficulty, had normal range of motion in his knees, and no evidence of crepitus or ligament laxity. [Tr., pp. 494–95] Dr. Fritzhand also noted a completely normal neurological examination, although he observed some reduction in Plaintiff's spinal range of motion. [Tr., p. 494] Thus, there is little support for the time restrictions on sitting, standing and walking by Dr. Fritzhand.

Further, these restrictions are unsupported by the rest of the medical record. Black saw Dr. Love in September 2008 for his knee pain, but did not continue to see this doctor or any other physician for knee pain. There were no significant findings in Black's cervical and lumbar spine x-rays, aside from reversal of the cervical lordosis. [Tr., pp. 282–83] Although Black attributed his back and neck pain to a car accident, the accident occurred in October 2007 (a year and half before his alleged onset date). [Tr., pp. 280–81] While Black alleged that he stopped working in March 2009 due to disability, he testified that he was actually suspended for falsifying his job application. [Tr., pp. 39–40]

Black relies on a Seventh Circuit decision in which that court rejected the ALJ's independent evaluation of the evidence and substitution of the ALJ's opinion without express reliance on the medical evidence in the record. *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996). But unlike the circumstances in *Rohan*, ALJ Bowling properly relied upon the medical opinions in the record.

Given the lack of support for Dr. Fritzhand's standing, walking and sitting restrictions in his own records, as well as the rest of Black's medical records, the ALJ's rejection of the standing, walking, and sitting restrictions was proper. The ALJ's RFC determination and his

decision were supported by substantial evidence. *See Hickey-Haynes v. Barnhart*, 116 F. App'x 718, 725 (6th Cir. 2004) (citations omitted) ("Substantial evidence is a fairly low bar: more than a mere scintilla, yet enough that a reasonable mind might accept as adequate to support a conclusion.").

## IV.

The ALJ's decision denying benefits is supported by substantial evidence. Accordingly, it is hereby

**ORDERED** as follows:

1. Plaintiff Aaron M. Black's Motion for Summary Judgment [Record No. 10] is **DENIED**.

2. Defendant Carolyn W. Colvin's Motion for Summary Judgment [Record No. 11] is **GRANTED**.

3. The decision of Administrative Law Judge Robert B. Bowling will be **AFFIRMED** by separate Judgment entered on this date.

This 22nd day of December, 2014.



Signed By:
*Danny C. Reeves* DCR
United States District Judge